UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE WILLIAMS, | ) | |
| Plaintiff, | ) | Case No. 07 C 6795 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| J. CHAUSSE, #10082 | ) | Magistrate Judge Schenkier |
| OFFICER PIETRYLA, #12091, | ) | |
| M.C. WINTERS | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANTS CITY OF CHICAGO, CHAUSSE AND
PIETRYLA'S RULE 12(b)(6) MOTION TO DISMISS**

Now comes Defendants City of Chicago, Chicago Police Officers Joseph Chausse and Scott Pietryla (herein "Defendants")[1], through their attorney Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, and respectfully request this Court to dismiss plaintiff's amended complaint pursuant to 12 (b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

On March 5, 2008, plaintiff, Willie Williams, filed an amended complaint with this Court against Defendants. (See Docket Entry (D.E.) No. 10). Plaintiff is pro se, and his complaint alleges, among other things, that Defendants Chausse and Pietryla deprived plaintiff of constitutional rights. Though it is difficult to determine exactly what constitutional violations plaintiff is alleging, his complaint discusses two separate incidents involving Defendant Police Officers. (D.E. 10, ¶ 7, 21, 27). After carefully

---

[1] Though plaintiff also has named M.C. Winters as a defendant (herein "Winters"), he is not a party to this motion.

reviewing plaintiff's complaint, Defendants have identified six possible claims.

Plaintiff first alleges that he was *falsely imprisoned* by Defendant Chausse on September 1, 2007. (D.E. 10, ¶ 7-16). Next, plaintiff complains that on September 3, 2007, after being involved in an altercation with Winters, Defendants Chausse and Pietryla *falsely arrested* plaintiff after they *conspired* with Winters to plant evidence on plaintiff; and falsely charge him with beating Winters with a padlock and attempting to rob him. (D.E. 10, ¶ 22-34). Also, plaintiff asserts a *malicious prosecution* claim as he alleges Defendants Chausse and Pietryla manufactured charges against him to send plaintiff to prison, and further made false statements at plaintiff's criminal trial. (D.E. 10, ¶ 34-35, 39). Plaintiff further asserts a claim for *denial of medical attention* where, after informing Defendants Chausse and Pietryla that he suffered from hypertension and required medication, Defendants Chausse and Pietryla denied plaintiff medical treatment which resulted in plaintiff collapsing in his jail cell. (D.E. 10, ¶ 45-49). Finally, Defendants interpret portions of plaintiff's complaint to advance a Due Process claim; where plaintiff alleges that at his criminal trial, there existed exculpatory DNA evidence. (D.E. 10, ¶ 36, 38-39).

## **STANDARD**

When considering a motion to dismiss under Rule 12 (b) (6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a) (2). A plaintiff need not allege all facts involved in the claim. *See*

Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. Id, at 1965. Furthermore, a complaint need not contain detailed factual allegations, but it must provide a defendant with fair notice of what the claim is and the grounds upon which it rests. Id, at 1964. In considering a motion to dismiss, a court may also take judicial notice of matters in the public record. *See* Palay v. United States, 349 F.3d 418, 425 n. 5 (7th Cir. 2003).

## ANALYSIS

To begin, Defendants move to have plaintiff's complaint against the City of Chicago dismissed. The City of Chicago can be held liable under Section 1983 only if it deprived plaintiff of his constitutional rights pursuant to one of its policies, customs or practices. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). Plaintiff cannot state a claim against a defendant simply by including it in the caption. Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998). Because plaintiff has not alleged a constitutional violation caused by a City custom, practice or policy, the City of Chicago must be dismissed as a party from this litigation.

### False Imprisonment

Read loosely, plaintiff's complaint alleges he was being harassed by Defendant Chausse on September 1, 2007, and plaintiff was only free to leave the area of their encounter after a sergeant or supervisor allowed plaintiff to leave. (D.E. 10, ¶ 16). False

imprisonment is detention without legal process, and the allegations before us arise from defendants' detention of plaintiff without legal process. Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007). Section 1983 claims of false imprisonment are grounded in the Fourth and Eighth Amendments. *See* Thompson v. City of Chicago, 2008 WL 780631, *4-5 (N.D.Ill.). If this Court finds that plaintiff has made a cognizable 1983 claim for Defendant Officer Chausse's conduct towards plaintiff on September 1, 2007, then Defendants submit that this claim can only survive against Defendant Chausse as plaintiff has not advanced any fact showing any involvement of Defendant Pietryla or Defendant City with respect to this claim.

**False Arrest**

Plaintiff asserts a false arrest claim, in that Defendants Chausse and Pietryla manufactured charges against him in an effort to send plaintiff to prison, and he was jailed based upon the false charges. (D.E. 10, ¶ 34-35). Plaintiff's claim must fail because by his own pleading, admits he was found guilty of aggravated battery. (D.E. 10, ¶ 41); *See* Allen v. McCurry, 449 U.S. 90 (1980). Plaintiff's false arrest claim implies the invalidity of his own conviction. (See Exhibit A)[2].

In a suit for damages under Section 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Probable cause is an absolute bar to defendant's Section 1983 claim for false arrest and malicious prosecution. Simmons v. Pryor, 26

---

[2] Plaintiff's certified conviction for Aggravated Battery under case number 07 CR 1931901 is attached as Exhibit A.

F.3d 650, 654 (7th Cir. 1993).  Probable cause is a common sense determination, measured under a reasonableness standard and is present if, at the time of arrest, the facts and circumstances within the arresting officers knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense.  Long v. Williams, 155 F.Supp 2d 938, 941 (N.D. Ill. 2001).  Probable cause requires only a probability of criminal activity, and not an actual showing.  U.S. v. Gilbert, 45 F.3d 1163, 1166 (7th Cir. 1995).

Because plaintiff has not pleaded that his conviction has been overturned, his claim is barred by Heck, and is therefore not cognizable under Section 1983.  In this case, plaintiff admits that he hit Winters, the police were summoned by Winters' family, and they were informed there was an altercation between Winters and plaintiff.  (D.E. 10, ¶ 25-28).  Defendants Chausse and Pietryla had reason to believe plaintiff committed an offense and probable cause to arrest him.  Hence, plaintiff's false arrest claim must fail.

**Conspiracy**

Plaintiff alleges that Defendants conspired to deprive him of his constitutional rights.  (D.E. 10, ¶ 29, 32-33).  In order to state a conspiracy claim under Section 1983, the plaintiff must allege: (1) an express or implied agreement among the defendants to deprive the plaintiff of a constitutional right; and (2) actual deprivation of those rights via overt acts in furtherance of the agreement.  Baker v. City of Chicago Police Dept., 2000 WL 556619, *3 (N.D. Ill.); *citing* Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988).

In this case, plaintiff's complaint fails to satisfy the requirement that Defendants overtly acted resulting in an actual deprivation of his constitutional rights.  Plaintiff states that Winters, after being persuaded by Defendants Chausse and Pietryla to claim plaintiff

battered him with a padlock, ultimately recanted his "claim of being beat with a padlock" admitting Defendants Chausse and Pietryla told him to lie. (D.E. 10, ¶ 33, 37). Nevertheless, plaintiff was found guilty of aggravated battery. (D.E. 10, ¶ 41; Exhibit A). Therefore, no actual deprivation of a right was achieved, and plaintiff's conspiracy claim must fail.

**Malicious Prosecution**

Plaintiff further asserts a state law malicious prosecution claim, where Defendants falsely charged plaintiff and Defendant Chausse made false statements at plaintiff's criminal trial. (D.E. 10, ¶¶34-35, 39, 44). In order to establish a claim for malicious prosecution under Illinois law, a plaintiff must show: (1) the commencement or continuance of a criminal judicial proceeding by a defendant; (2) the termination of the proceeding in favor of plaintiff; (3) the absence of probable cause for such a proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. Boyd v. City of Chicago, 378 Ill.App.3d 57, 71 (Ill.App.Ct. 2007).

Plaintiff has failed to satisfy the second, third and fifth conditions of a malicious prosecution claim.[3] Though he alleges he was found "[n]ot guilty of all of the manufactured robbery charges, and the false padlock charges[,]" plaintiff was found guilty of aggravated battery, thus the proceedings were not terminated in plaintiff's favor. Furthermore, he has not demonstrated any damage resulting from the favorable termination of the "robbery and false padlock charges." Because he was found guilty of aggravated battery, he is unable to show there was an absence of probable cause for his

---

[3] It is unclear whether plaintiff has attempted to bring his malicious prosecution claim under Illinois state law or as a federal claim under Section 1983. In this case, Defendants attack his complaint as though it is brought under state law since in order to make a claim for malicious prosecution under Section 1983, plaintiff must demonstrate that he has satisfied the requirements of a state law cause of action for malicious prosecution. Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996).

prosecution.  Hence, plaintiff's malicious prosecution claim must be dismissed.

**Denial of Medical Attention**

Plaintiff also alleges that he was denied adequate medical care by Defendants Chausse and Pietryla, while in their custody.  (D.E. 10, ¶ 45-49).  In order to state a colorable Section 1983 claim for the denial of medical care, a pre-trial detainee must allege facts evidencing deliberate indifference to his serious medical needs.  Brownell v. Figel, 950 F.2d 1285, 1289 (7th Cir. 1991).  The Supreme Court defined deliberate indifference in the context of prison conditions in a claim brought under the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825 (1994).  A prison official acts with deliberate indifference when the official knows and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.  Id, at 837. The Seventh Circuit has applied this standard to a Fourteenth Amendment claim alleging deliberate indifference to a pre-trial detainee's serious medical needs.  Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Not every medical condition suffered by a pre-trial detainee constitutes a serious need sufficient to constitute a violation of Section 1983.  Bennett v. Holman, 1997 WL 15833, *2 (N.D. Ill.)  An injury or condition is serious only if it is "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." Id.; *citing* Davis v. Jones, 936 F.2d 971, 972 (7th Cir. 1991).

Plaintiff has failed to state a colorable claim for the denial of medical care in so far as he has failed to even make the barest of allegations that he suffered from any serious medical condition that would be evident to a reasonably diligent officer.  The

inquiry into whether an injury is serious is an objective one; a pre-trial detainee must receive medical treatment if a reasonable officer would consider the injury serious. Murphy, 51 F.3d at 719. Applying these standards to the instant case, plaintiff has not pleaded sufficient facts to show that his hypertension and blood pressure are objectively serious conditions; nor has he demonstrated that a reasonable officer would consider his condition serious.

**Due Process Violation**

Defendants lastly address the possibility plaintiff's assertion of a Due Process violation, if any. If this Court is so inclined to construe ¶s 36 and 38-39 of plaintiff's amended complaint as a Due Process claim, it too must fail. Plaintiff alleges that exculpatory DNA evidence existed at his criminal trial corroborating his defense; and at the criminal trial, Winters recanted being battered by plaintiff with a padlock, though Defendant Chausse persisted that Winters told him that plaintiff struck Winters with a padlock. (D.E. 10, ¶ 36, 38-39).

Caselaw has set forth a three-part test to identify the contours of a Section 1983 due process claim based on allegations that law enforcement officers withheld information or evidence necessary to ensure the fair trial guaranteed by the Constitution (*i.e.*, a *Brady* claim). First, the evidence at issue must be favorable to the accused, meaning either exculpatory or impeaching; second, the evidence must have been suppressed by the state, either willfully or inadvertently; and third, the suppressed evidence must be material to an issue at trial. See Ineco v. Angarone, 291 F.Supp 2d 755, 760 (N.D.Ill.2003); *citing* United States v. Todros, 3F.3d 999, 1005 (7th Cir. 2002).

Particularly relevant to the instant case, evidence is not "suppressed" where a

plaintiff was aware of the alleged misconduct involving the withholding of exculpatory evidence, and thus a *Brady* claim is not cognizable under such circumstances. See Gauger v. Hendle, 349 F.3d 354, 360 (7th Cir. 2003); Ienco, 291 F.Supp.2d at 761. Additionally, by definition, police officers do not "suppress" evidence from a criminal defendant/civil plaintiff when they inform prosecutors of their misconduct or the exculpatory evidence. Newsome v. McCabe, 256 F.3d 747, 752, (7th Cir. 2001). This is the case because, "a prosecutor is responsible for learning of and disclosing all exculpatory evidence known to the police." Id. In other words, police officers only suppress exculpatory evidence violating the Due Process Clause where they deliberately withhold such evidence and thus prevent prosecutors from complying with their aforementioned obligation under Brady v. Maryland, 373 U.S. 83, 86-88 (1963), to disclose exculpatory evidence to a criminal defendant. Newsome, 256 F.3d at752-53.

Plaintiff alleges that exculpatory DNA evidence from a padlock was obtained which corroborated plaintiff's defense at his criminal trial. (D.E. 10, ¶ 36). Plaintiff had knowledge of alleged DNA evidence. Plaintiff does not plead Defendants Chausse and Pietryla withheld the padlock evidence from him; and one can infer that the prosecutor had knowledge of this evidence since plaintiff alleged DNA evidence was recovered from it. Accordingly, Defendants Chausse and Pietryla cannot be charged with Due Process violations.

## **CONCLUSION**

For the reasons stated above, Defendants request their motion to dismiss plaintiff's complaint be granted.

                Respectfully submitted,

                ***s/ SanjayPatel***
                Sanjay H. Patel
                Assistant Corporation Counsel

30 N. LaSalle St.
Suite 1400
Chicago, IL 60602
Attorney No. 6272840
312-742-3902