*hHN*

**Department of Justice**
**United States Marshals Service**
**Northern District of Illinois**

# Memo

| | |
|---|---|
| **To:** | Clerk's Office |
| **From:** | Tamar De.Costa |
| **Date:** | May 27, 2008 |
| **Re:** | Case#07C6795 |

I am returning the attached case #07C6795 Willie Williams vs. Officer Chausse, et al the 285 forms requesting the address for the party's to be served were not returned.   The 285 forms were mailed to the plaintiff on March 07, 2008.

Tamar
Civil Process

**┕ FILED**

MAY 2 8 2008
*5-28-2008*
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6795 | **DATE** | 3/5/08 |
| **CASE TITLE** | Willie Williams v. Officer Chausse, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted as to his amended complaint [6]. The initial partial filing fee is waived. The court orders the trust fund officer at Cook County Jail to collect monthly payments from plaintiff's trust fund account as stated below. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The clerk shall issue summonses as to the amended complaint and attach a Magistrate Judge Consent Form to the summons for each defendant, and send plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [7] is denied. Status hearing set for 4/18/08 at 9:30 a.m.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a detainee at Cook County Jail, seeks to bring this suit *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK

BY _____
DEPUTY CLERK

U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: 3/6/08

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff moves for appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.).

After considering these factors, the Court concludes that appointment of counsel is not warranted. Although Plaintiff has alleged that he has made reasonable efforts to retain private counsel, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, Plaintiff's pleadings before this Court demonstrate his competence to proceed with the case. *See Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil*, 381 F.3d 649, 656 (7th Cir. 2004). In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
### Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Willie Williams

Plaintiff

        vs.

J. Chausse, et al.

Defendant

**CASE NUMBER**: 07 cv 6795

**JUDGE**: Elaine E. Bucklo

**TO:**   M.C. Winters

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff:

| | |
|---|---|
| Name: | Willie Williams |
| | Woodrow Wilson |
| Address: | c/o Cook County States Attorney's Office |
| | ATTN: Maurice Macklin |
| | 2650 South California, Room 12 D 42 |
| City: | Chicago, IL 60608 |

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Gwen Rosegay

Deputy Clerk

Dated: March 6, 2008

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]  Served personally upon the defendant.  Place where served:_____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left: _____

[ ]  Returned unexecuted:_____

[ ]  Other (specify): _____

_____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                                Signature of Server

                                                  _____
                                                  Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
## Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Willie Williams

Plaintiff

vs.

**CASE NUMBER**: 07 cv 6795
**JUDGE**: Elaine E. Bucklo

J. Chausse, et al.

Defendant

**TO:**   M.C. Winters

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff:

| | |
|---|---|
| Name: | Willie Williams |
| | Woodrow Wilson |
| Address: | c/o Cook County States Attorney's Office |
| | ATTN: Maurice Macklin |
| | 2650 South California, Room 12 D 42 |
| City: | Chicago, IL 60608 |

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Gwen Rosegay
Deputy Clerk

Dated: March 6, 2008

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]   Served personally upon the defendant.  Place where served:_____

_____

[ ]   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

[ ]   Returned unexecuted:_____

[ ]   Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                     Date                             Signature of Server

                                                _____

                                                Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Consent to Exercise of Jurisdiction
### By a United States Magistrate Judge

Case Title

Case Number:

Assigned Judge:

V.

Designated
Magistrate Judge:

In accordance with the provisions of Title 28 U.S.C.§636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment. Should this case be reassigned to a magistrate judge other than the magistrate judge designated pursuant to Local Rule 72, the undersigned may object within 30 days of such reassignment.  If an objection is filed by any party,  the case will be reassigned to the district judge before whom it was last pending.

| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |

| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |

| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |

| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |

Note: File this consent *only* if all parties have consented on this form to the exercise of jurisdiction by a United States magistrate judge.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Willie Williams

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

Amended Complt.

# FILED

MAR - 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

vs.                     Case No: O7C-O6795
                        (To be supplied by the Clerk of this Court)

J. Chausse, Officer #10082
Officer Pietryla #12091
M.C. Winters
City of Chicago

_____

_____

(Enter above the full name of ALL
defendants in this action. **Do not**
use "et al.")

**CHECK ONE ONLY:**

__X__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
          U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
            28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.     Plaintiff(s):

Revised:  7/20/05

A.  Name: Willie Williams

B.  List all aliases: Woodrow Wilson

C.  Prisoner identification number: NO ID

D.  Place of present confinement: Witness Protection Program
C/o cook county state Atty office

E.  Address: ATTN: Maurice Macklin RM 12D 42
2650 S California
Chicago Ill 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases,
I.D. number, and current address according to the above format on a separate sheet of
paper.)

II.  **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official
position in the second blank, and his or her place of employment in the third blank. Space
for two additional defendants is provided in B and C.)

A.  Defendant: Officer J. Chausse

Title: Chicago Police officer

Place of Employment: Chicago Police Dept.

B.  Defendant: Pietryla

Title: Chicago Police officer

Place of Employment: Chicago Police Dept.

C.  Defendant: CITY OF Chicago

Title: 

Place of Employment: 

(If you have more than three defendants, then all additional defendants must be listed
according to the above format on a separate sheet of paper.)

2

Revised:  7/20/05

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES ( )  NO (X)  If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( )  NO (X)

C.    If your answer is **YES**:

1.    What steps did you take?

Police Matter

2.    What was the result?

N/A

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

N/A

D.    If your answer is NO, explain why not:

N/A

3

Revised:  7/20/05

E.    Is the grievance procedure now completed?  YES ( )  NO ( )

F.    If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO ( )

G.    If your answer is **YES**:

    1.    What steps did you take?

    2.    What was the result?

H.    If your answer is NO, explain why not:

4

IV.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A.   Name of case and docket number: _Williams vs. Wright_
_07C-5987 - 07C-06795_

B.   Approximate date of filing lawsuit: _Oct 23, 2007 - 12-3-07_

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_Willie Williams     Joshep Luciano_

D.   List all defendants: _Chief Wrigh - Salvedor_
_Godluez - Gary Hickerson_

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _U.S. Dist. Court Northern Dist._

F.   Name of judge to whom case was assigned: _Judge Kendall -_
_Judge Buckto_

G.   Basic claim made: _Protective Custody - Dismissed_

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Pending_

I.   Approximate date of disposition: _Pending_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

**V.**   **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each
defendant is involved. Include also the names of other persons involved, dates, and places.
Do not give any legal arguments or cite any cases or statutes. If you intend to allege
a number of related claims, number and set forth each claim in a separate paragraph. (Use
as much space as you need. Attach extra sheets if necessary.)

Next Page

6

# STATEMENT OF Claim

1. The defendants, officer Chausse, and officer Pietryla, are Chicago Police officers assigned to the 10th District.

2. The defendants are known in the 10th District by the Nick-Names of the Untouchables

3. The defendants are known to take bribes, and to frame People who are not in their street Circle.

4. The Plaintiff was framed by the defendants officer Chausse, and Pietryla on Sept. 3, 2007.

5. M.C. Winters is a citizen who acted in concert with the defendants officer Chausse, and officer Pietryla to frame the Plaintiff on criminal charges.

6. Prior to Sept. 3, 2007, the Plaintiff had been involved at least traffic stops by the defendants, and on each occasion the Plaintiff was harassed because the Plaintiff did not want to involve himself with the officers because of their reputations.

7. On Sept. 1, 2007 or on or about Sept. 1, 2007, there was a shooting on 16th Street and Spaulding at approximately 9:30 P.M.

8. The Plaintiff, who had nothing to do with the shooting, happen to be sitting in his car one block away.

9. There were numerous Police cars in the area as well as Supervisors.

10. Officer Chausse asked the Plaintiff did he see anything or hear any Shots, and the Plaintiff said No.

11. The defendant, officer Chausse, at that Juncture began to harass the Plaintiff about the custom made blinking lights in the grill of the Plaintiff's car stating that he had Previously warned the Plaintiff to remove the lights from the grill.

12. The defendant, officer Chausse, raised the hood of the Plaintiff's car, and torn the wires from the light of the Plaintiff's car.

13. The Plaintiff, at that Juncture, requested a Supervisor.

14. The defendant, officer Chausse, told the Plaintiff that if he called for a supervisor, he would frame the Plaintiff's ass the Next time he saw him. Etc.

15. The Plaintiff Nevertheless waved for a sergeant in the area, at which time the Plaintiff explained to the sergeant what was going on.

16. The supervisor allowed the Plaintiff to leave the area, after the Plaintiff told the supervisor what had happen.

17. On or about July 14, 2007, the defendant M.C. Winters asked the Plaintiff, for payment, to get involved with a scheme to cause Physical harm to two People Named Sarah and Johnny who owed him Money.

18. After hearing the defendant Winter's story over several days, the Plaintiff told the defendant Winters that he would not get involved.

19. On or about Aug. 5, 2007, the Plaintiff's vehicle was blew up in front of his house.

20. The Plaintiff did not know who blew the vehicle up.

21. On Sept. 3, 2007, while the Plaintiff was in the alley between 15th Homan and 15th and Christiana, the defendant M.C. Winters drove into the alley, saw the Plaintiff, and suggested that he was the person responsible for the explosion of Plaintiff's vehicle on Aug. 5, 2007, and the defendant drove away!

22. The Plaintiff, who was in another Vehicle on Sept. 3, 2007, drove off behind Mr. Winters.

23. Mr. Winters stoped his Vehicle to challenge the Plaintiff, and the also stoped his Vehicle.

24. Both Plaintiff, and the defendant exited their Vehicles, and the defendant Pushed the Plaintiff to the Ground, causing injury to the Plaintiff's arm, and shoulder.

25. The Plaintiff got off the Ground, and hit the defendant back knocking him to the Ground.

26. At some Point, shortly after the exchange between the defendant, and the Plaintiff, the Police were called by the defendant's Family.

27. The responding Police officers consisted of as many as eight officers, which included the defendants, officer Chausse, and officer Pietryla.

28. When the defendant officer Chausse discovered that the Plaintiff was involved in the incident with Mr. Winters, he stated, I told you I was going to get your ass for calling my supervisor.

29. The defendant, officer Chausse, reminded the Plaintiff about his promise to frame the Plaintiff the next time he saw him.

30. The defendant, Pietryla, stated don't you know that they call us the untouchables.

31. The defendant Pietryla stated: "You don't Fuck With my Partner".

32. The defendants took a Padlock From the Plaintiff's Vehicle, and Persuaded the defendant M.C. Winters to claim that the Plaintiff beat him With the Padlock, and tried to rob him.

33. The defendant, M.C. Winters, initially Went along With the OFFicers' sheme because he did Not Want the Police to know What caused the fight between him, and the Plaintiff.

34. The defendants, Each of them, Knowingly and intentionally Manufactured charges against the Plaintiff in an EFFort to send Plaintiff to Prison.

35. The Plaintiff Was charged in an Eight count indictment based upon the manufactured charges, and Jailed.

36. DNA Was Performed on the lock, and Verified the Plaintiff's Story that defendant M.C. Winters Was lying, and the Police Planted the Padlock.

37. Trial commenced on Dec. 17, 2007.

38. During the trial, M.C. Winters recanted his claim of being beat with a Padlock claiming the Officers told him to lie.

39. The defendant, Chausse, continued to claim that the defendant Winters told him he was beat with a lock.

40. The circuit court Judge Found the Plaintiff "Not Guilty of all of the manufactured robbery charges, and the false Padlock charges.

41. The court found the Plaintiff guilty of the fighting-aggravated battery in that the court believed the false state-ment that Plaintiff hit M.C. Winters First.

42. While the Plaintiff was in the Police car with the defendants Chausse, and Pietryla, the defendants told the Plaintiff that with the false charges they were going to make certain that the died in Prison, and couldn't make bond.

43. The defendant Winters conceded at trial he was told to lie.

44. The defendants, Chausse, and Pietryla Planted the Padlock, and Manufactured the robbery charges in retaliation for the Plaintiff reporting Officer Chausse to a supervisor on Sept. 1, 2007.

45. The defendants, Chausse and Pietryla also denied the Plaintiff Medical treatment on Sept. 3, 2007.

46. When the defendant M.C. Winters Pushed the Plaintiff to the Ground, the defendant caused injury to the Plaintiff's shoulder.

47. The Plaintiff also told the defendants, Chausse and Pietryla, he had hypertension and Needed his medication, to No avail.

48. The defendants, Chausse and Pietryla, refused the Plaintiff Medical treatment on the basis that the Plaintiff had reported Officer Chausse to a supervisor on Sept. 1, 2007.

49. As a result on being denied Medication on or about Sept. 3, 2007, the Plaintiff collapsed in his cell and further injured his Shoulder, and the Plaintiff blood Pressure Exceeded 200.

50. At all times Material to the Allegations in this Complaint the defendants Officers Chausse, and Officer Pietryla Worked For the City of Chicago.

51. At all times Material to the Allegations in this complaint, the defendant M.C. Winters conspired With the officers to Frame the Plaintiff.

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

$25000,000.00 compensatory damages against defendants respectively – Ten Million Punitive Damages respectively-

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 23 day of Jan , 200 8

Willie Williams / Woodrow Wilson

(Signature of plaintiff or plaintiffs)

Willie Williams / Woodrow Wilson
(Print name)

(I.D. Number)

c/o Cook County States Atty. Office
ATTN: Maurice Macklin RM 12 D 42
2650 South California
(Address)
Chicago, Illinois 60608

8

Revised: 7/20/05

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
## Northern District of Illinois

SUMMONS IN A CIVIL ACTION

Willie Williams

Plaintiff

vs.

**CASE NUMBER:** 07 cv 6795
**JUDGE:** Elaine E. Bucklo

J. Chausse, et al.

Defendant

**TO:**   City of Chicago

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff:

Name:      Willie Williams
           Woodrow Wilson
Address:   c/o Cook County States Attorney's Office
           ATTN: Maurice Macklin
           2650 South California, Room 12 D 42
City:      Chicago, IL 60608

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Gwen Rosegay
    Deputy Clerk

Dated: March 6, 2008

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
| --- | --- |
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]  Served personally upon the defendant.  Place where served:_____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

[ ]  Returned unexecuted:_____

[ ]  Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
| --- | --- | --- |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                                Date                                        Signature of Server

                                                                 _____
                                                                 Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
## Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Willie Williams

Plaintiff

      vs.

J. Chausse, et al.

Defendant

**CASE NUMBER**: 07 cv 6795

**JUDGE**: Elaine E. Bucklo

**TO:**   City of Chicago

     YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff:

Name:     Willie Williams
            Woodrow Wilson
Address:  c/o Cook County States Attorney's Office
            ATTN: Maurice Macklin
            2650 South California, Room 12 D 42
City:      Chicago, IL 60608

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Gwen Rosegay
    Deputy Clerk

Dated: March 6, 2008

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me:^ | DATE |
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]   Served personally upon the defendant.  Place where served: _____

_____

[ ]   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

[ ]   Returned unexecuted: _____

[ ]   Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
          Date                                      Signature of Server

                                        _____
                                            Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Consent to Exercise of Jurisdiction
### By a United States Magistrate Judge

Case Title

Case Number:

V.

Assigned Judge:

Designated
Magistrate Judge:

In accordance with the provisions of Title 28 U.S.C. §636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment. Should this case be reassigned to a magistrate judge other than the magistrate judge designated pursuant to Local Rule 72, the undersigned may object within 30 days of such reassignment.  If an objection is filed by any party,  the case will be reassigned to the district judge before whom it was last pending.

_____     By:_____     _____
Date                            Signature                                   Name of Party or Parties

_____     By:_____     _____
Date                            Signature                                   Name of Party or Parties

_____     By:_____     _____
Date                            Signature                                   Name of Party or Parties

_____     By:_____     _____
Date                            Signature                                   Name of Party or Parties

Note: File this consent *only* if all parties have consented on this form to the exercise of jurisdiction by a United States magistrate judge.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

_Amended Complt._

Willie Williams

**FILED**

MAR - 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: 07C-06795

(To be supplied by the Clerk of this Court)

J. Chausse, Officer # 10082
Officer Pietryla #12091
M.C. Winters.
City of Chicago

(Enter above the full name of ALL
defendants in this action. **Do not
use "et al."**)

**CHECK ONE ONLY:**

__X__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

_BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY._

I.    Plaintiff(s):

Revised: 7/20/05

A.  Name: Willie Williams

B.  List all aliases: Woodrow Wilson

C.  Prisoner identification number: NO ID

D.  Place of present confinement: Witness Protection Program
C/O Cook County State Atty Office

E.  Address: ATTN: Maurice Machlin RM 120 42
2650 S California
Chicago Ill. 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases,
I.D. number, and current address according to the above format on a separate sheet of
paper.)

II.  **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official
position in the second blank, and his or her place of employment in the third blank. Space
for two additional defendants is provided in B and C.)

A.  Defendant: Officer J. Chausse

Title: Chicago Police officer

Place of Employment: Chicago Police Dept.

B.  Defendant: Pietryla

Title: Chicago Police officer

Place of Employment: Chicago Police Dept.

C.  Defendant: City of Chicago

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed
according to the above format on a separate sheet of paper.)

2

Revised: 7/20/05

### III.    Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES ( )  NO (X)  If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( )  NO (X)

C.    If your answer is **YES**:

1.    What steps did you take?

Palice , Matter

2.    What was the result?

N/A

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

N/A

D.    If your answer is NO, explain why not:

N/A

3

Revised:  7/20/05

E.    Is the grievance procedure now completed?  YES ( )  NO ( )

F.    If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO ( )

G.    If your answer is **YES**:

1.    What steps did you take?

_N_
_A_

2.    What was the result?

_N_
_A_

H.    If your answer is NO, explain why not:

_N_
_A_

4

**IV.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A.  Name of case and docket number: Williams vs. Wright
07C-5987 - 07C-06795

B.  Approximate date of filing lawsuit: Oct 23, 2007 - 12-3-07

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: 
Willie Williams     Joshep Luciano

D.  List all defendants: Chief Wrigh - Salvedor
Godinez - Gary Hickerson

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. Dist. Court Northern Dist.

F.  Name of judge to whom case was assigned: Judge Kendall -
Judge Bucklo

G.  Basic claim made: Protective Custody - Dismissed

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending

I.  Approximate date of disposition: Pending

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

**V.    Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

Next Page

6

## STATEMENT OF Claim

1. The defendants, officer Chausse, and officer Pietryla, are Chicago Police officers assigned to the 10th District.

2. The defendants are Known in the 10th District by the Nick-Names of the UNtouchables

3. The defendants are Known to take bribes, and to frame People who are Not in their Street Circle.

4. The Plaintiff Was Framed by the defendants officer Chausse, and Pietryla ON Sept. 3, 2007.

5. M.C. Winters is a citizen who acted in concert With the defendants OFFicer Chausse, and OFFicer Pietryla to Frame the Plaintiff ON criminal charges.

6. Prior to Sept. 3, 2007, the Plaintiff had been involved at least traffic stops by the defendants, and on each occasion the Plaintiff was harassed because the Plaintiff did not want to involve himself with the officers because of their reputations.

7. On Sept. 1, 2007 or on or about Sept. 1, 2007, there was a shooting on 116th street and Spauding at approximately 9:30 P.m.

8. The Plaintiff, who had nothing to do with the shooting, happen to be sitting in his car one block away.

9. There were numerous Police cars in the area as well as Supervisors.

10. Officer Chausse asked the Plaintiff did he see anything or hear any shots, and the Plaintiff said No.

11. The defendant, officer Chausse, at that juncture began to harass the Plaintiff about the custom made blinking lights in the grill of the Plaintiff's car stating that he had previously warned the Plaintiff to remove the lights from the grill.

12. The defendant, officer Chausse, raised the hood of the Plaintiff's car, and torn the wires from the light of the Plaintiff's car.

13. The Plaintiff, at that juncture, requested a supervisor.

14. The defendant, officer Chausse, told the Plaintiff that if he called for a supervisor, he would Frame the Plaintiff's ass the next time he saw him. Etc.

15. The Plaintiff Nevertheless waved for a sergeant in the area, at which time the Plaintiff explained to the sergeant what was going on.

16. The supervisor allowed the Plaintiff to leave the area, after the Plaintiff told the supervisor what had happen.

17. On or about July 14, 2007, the defendant M.C. Winters asked the Plaintiff, for payment, to get involved with a scheme to cause physical harm to two people named Sarah and Johnny who owed him money.

18. After hearing the defendant Winter's story over several days, the Plaintiff told the defendant Winters that he would not get involved.

19. On or about Aug. 5, 2007, the Plaintiff's Vehicle was blew up in front of his house.

20. The Plaintiff did not know who blew the Vehicle up.

21. On Sept. 3, 2007, while the Plaintiff was in the alley between 15th Homan and 15th and Christiana, the defendant M.C. Winters drove into the alley, saw the Plaintiff, and suggested that he was the person responsible for the explosion of Plaintiff's Vehicle on Aug. 5, 2007, and the defendant drove away.

22. The Plaintiff, Who Was in another Vehicle on Sept. 3, 2007, drove off behind Mr. Winters.

23. Mr. Winters stoped his Vehicle to challenge the Plaintiff, and the also stoped his Vehicle.

24. Both Plaintiff, and the defendant, exited their Vehicles, and the defendant Pushed the Plaintiff to the Ground, causing injury to the Plaintiff's arm, and shoulder.

25. The Plaintiff got off the Ground, and hit the defendant back knocking him to the Ground.

26. At some Point, shortly after the exchange between the defendant, and the Plaintiff, the Police Were called by the defendant's Family.

27. The responding Police officers Consisted of as many as Eight officers, Which included the defendants, officer Chausse, and officer Pietryla.

28. When the defendant officer Chausse discovered that the Plaintiff Was involved in the incident With Mr. Winters, he stated, I told You I Was going to get Your ass for calling my supervisor.

29. The defendant, officer Chausse, reminded the Plaintiff about his Promise to frame the Plaintiff the Next time he saw him.

30. The defendant, Pietryla, stated don't You know that they call us the Untouchables.

31. The defendant Pietryla Stated: "You don't Fuck with my Partner".

32. The defendants took a Padlock From the Plaintiff's Vehicle, and Persuaded the defendant M.C. Winters to claim that the Plaintiff beat him with the Padlock, and tried to rob him.

33. The defendant, M.C. Winters, initially went along with the officers' sheme because he did Not want the Police to know what caused the fight between him, and the Plaintiff.

34. The defendants, Each of them, knowingly and intentionally Manufactured charges against the Plaintiff in an Effort to Send Plaintiff to Prison.

35. The Plaintiff Was charged in an eight count indictment based upon the manufactured charges, and Jailed.

34. DNA Was Performed on the lock, and Verified the Plaintiff's story that defendant M.c. Winters Was lying, and the Police Planted the Padlock.

37. Trial commenced on Dec. 17, 2007.

38. During the trial, M.c. Winters recanted his claim of being beat with a Padlock claiming the officers told him to lie.

39. The defendant, chausse, continued to claim that the defendant Winters told him he was beat with a lock.

40. The Circuit court Judge Found the Plaintiff "Not Guilty of all of the Manufactured robbery Charges, and the false Padlock charges.

41. The court found the Plaintiff Guilty of the fighting-aggravated battery in that the court believed the false statement that Plaintiff hit M.C. Winters First.

42. While the Plaintiff was in the Police car With the defendants Chausse, and Pietryla, the defendants told the Plaintiff that With the false charges they Were going to Make certain that the died in Prison, and couldn't Make bond.

43. The defendant Winters conceded at trial he Was told to lie.

44. The defendants, Chausse, and Pietryla Planted the Padlock, and Manufactured the robbery charges in retaliation for the Plaintiff reporting officer Chausse to a supervisor on Sept. 1, 2007.

45. The defendants, Chausse and Pietryla also denied the Plaintiff Medical treatment on Sept. 3, 2007.

46. When the defendant M.C. Winters Pushed the Plaintiff to the Ground, the defendant caused injury to the Plaintiff's Shoulder.

47. The Plaintiff also told the defendants, Chausse and Pietryla, he had hypertension and needed his Medication, to No avail.

48. The defendants, Chausse and Pietryla, refused the Plaintiff Medical treatment on the basis that the Plaintiff had reported Officer Chausse to a supervisor on Sept. 1, 2007.

49. As a result on being denied Medication on or about Sept. 3, 2007, the Plaintiff collapsed in his cell and further injured his shoulder, and the Plaintiff blood Pressure Exceeded 200.

50. At all times Material to the Allegations in this Complaint the defendants Officers Chausse, and Officer Pietryla Worked For the City of Chicago.

51. At all times Material to the Allegations in this complaint, the defendant M.C. Winters conspired With the Officers to Frame the Plaintiff.

State briefly exactly what you want the court to do for you. Make no legal arguments.
Cite no cases or statutes.

$25,000,000.00 Compensatory damages
against defendants respectively —
Ten Million Punitive Damages respectively —

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information and
belief. I understand that if this certification is not correct, I may be
subject to sanctions by the Court.

Signed this 23 day of Jan, 2008

Willie Williams / Woodrow Wilson

(Signature of plaintiff or plaintiffs)

Willie Williams / Woodrow Wilson
(Print name)

(I.D. Number)

c/o Cook County States Atty. Office
ATTN: Maurice Macklin RM 12 D 42
2650 South California
(Address)
Chicago, Illinois 60608

8

Revised: 7/20/05